UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF RHODE ISLAND

MARK S. POIRIER,                    :
            Plaintiff,              :
                                    :
        v.                          :        CA 06-523 ML
                                    :
FRANK CENERINI,                     :
            Defendant.              :


### REPORT AND RECOMMENDATION

David L. Martin, United States Magistrate Judge

Before the Court is Plaintiff's Motion to [P]roceed In Forma
Pauperis ("Motion").  Plaintiff Mark S. Poirier ("Plaintiff")
seeks to proceed in forma pauperis in conjunction with the
Complaint which he filed in this Court on November 30, 2006.  The
Motion has been referred to this Magistrate Judge.  After
reviewing the Motion and the Complaint, the Court concludes for
the reasons stated in this Report and Recommendation that the
Motion should be denied and that the Complaint should be
dismissed pursuant to 28 U.S.C. § 1915(e)(2).[1]  The Court reaches
this conclusion because the Complaint fails to state a claim upon
which relief may be granted as the action is barred by the

---

[1] 28 U.S.C. § 1915(e)(2) states:

(2) Notwithstanding any filing fee, or any portion thereof,
that may have been paid, the **court shall dismiss the case at
any time if the court determines that**-
    (A) the allegation of poverty is untrue;  or
    (B) **the action** or appeal--
        (i) is frivolous or malicious;
        (ii) **fails to state a claim on which relief may be
granted**;  or
        (iii) seeks monetary relief against a defendant who
is immune from such relief.

28 U.S.C. § 1915(e)(2)  (bold added).

doctrine of judicial immunity.

## Facts[2]

On a date which is not identified in the Complaint, Plaintiff was arraigned in the Rhode Island District Court, the Fourth Division thereof, on an unspecified criminal charge before Associate Judge Frank Cenerini ("Defendant," "Judge Cenerini," or "Judge"). Judge Cenerini set personal recognizance in Plaintiff's case, and Plaintiff proceeded to the clerk's office. Apparently while at that location, Plaintiff refused to sign a waiver of his right to a jury trial in the first instance. Someone in the clerk's office informed Judge Cenerini of Plaintiff's refusal. According to the Complaint, Judge Cenerini ordered a sheriff to bring Plaintiff back before him, and the Judge confronted Plaintiff about not signing the waiver. Plaintiff stated that he did not wish to waive his rights at that time. The Judge told Plaintiff that his bail was being converted from personal recognizance to no bail and ordered the sheriff to put Plaintiff in the holding cell.

Plaintiff was taken to the holding area where he was patted down and his belongings were taken from him. He was placed in a holding cell with five or six other people. After about five or ten minutes, he was taken back up to the courtroom. Plaintiff was brought before Judge Cenerini who told Plaintiff that he was free to go. Plaintiff left the courthouse. He never signed the waiver.

Plaintiff alleges that he was locked up without legal cause and that this upset him very much. He has found it very difficult to plan his defense and fears that he will not get a fair trial. He is apprehensive "that the judge is out to get me, and that no matter what I say, I will be shouted at, ridiculed,

---

[2] The facts are taken from the Complaint which for purposes of this Report and Recommendation are assumed to be true.

abused[,] and finally found guilty of a crime I did not commit, all because I refused to waive my constitutionally guaranteed rights." Complaint. Plaintiff further alleges that "this intimidation has had a serious effect on [his] day to day life ...," _id._, that writing about it causes him to tremble and his heart to beat rapidly, see _id._, and that he has "had nightmares about the situation, among numerous other negative effects," _id._ The Complaint does not contain any prayer for relief (i.e., a statement of what Plaintiff wants the Court to do).

## Analysis

It is well established that judges are absolutely immune from suit for their judicial acts unless they act in the clear absence of all jurisdiction. See Mireles v. Waco, 502 U.S. 9, 11-12, 112 S.Ct. 286, 288, 116 L.Ed.2d 9 (1991)("[O]ur cases make clear that the immunity is overcome in only two sets of circumstances. First, a judge is not immune from liability for nonjudicial actions, _i.e._, actions not taken in the judge's judicial capacity. Second, a judge is not immune for actions, though judicial in nature, taken in the complete absence of all jurisdiction.")(citations omitted); Stump v. Sparkman, 435 U.S. 349, 356-57, 98 S.Ct. 1099, 1105, 55 L.Ed.2d 331 (1978)("A judge will not be deprived of immunity because the action he took was in error, was done maliciously, or was in excess of his authority; rather, he will be subject to liability only when he has acted in the clear absence of all jurisdiction.")(internal quotation marks omitted); Pierson v. Ray, 386 U.S. 547, 553-54, 87 S.Ct. 1213, 1217-18, 18 L.Ed.2d 288 (1967)("Few doctrines were more solidly established at common law than the immunity of judges from liability for damages for acts committed within their judicial jurisdiction, as this Court recognized when it adopted the doctrine, in Bradley v. Fisher, 13 Wall. 335, 20 L.Ed. 646 (1872)."); see also Antoine v. Byers & Anderson, Inc., 508 U.S.

3

429, 435, 113 S.Ct. 2167, 2171, 124 L.Ed.2d 391 (1993)("The doctrine of judicial immunity is supported by a long-settled understanding that the independent and impartial exercise of judgment vital to the judiciary might be impaired by exposure to potential damages liability.").

It is clear from the allegations of the Complaint that neither of the two exceptions to the doctrine of judicial immunity applies.   Plaintiff is not suing Judge Cenerini because of the Judge's non-judicial acts.   On the contrary, Plaintiff is suing the Judge precisely because of his judicial acts. Plaintiff alleges that Judge Cenerini, while sitting in his courtroom, ordered Plaintiff taken into custody and held in a holding cell.   This is clearly a judicial act for which the Judge is immune from civil damages.   See Stump v. Sparkman, 435 U.S. at 362, 98 S.Ct. at 1107 ("[T]he factors determining whether an act by a judge is a 'judicial' one relate to the nature of the act itself, i.e., whether it is a function normally performed by a judge, and to the expectations of the parties, i.e., whether they dealt with the judge in his judicial capacity."); Cok v. Cosentino, 876 F.2d 1, 2 (1st Cir. 1989)("There is no question that [the defendant judge] was protected by absolute immunity from civil liability for any normal and routine judicial act. This immunity applies no matter how erroneous the act may have been, how injurious its consequences, how informal the proceeding, or how malicious the motive.")(citations omitted).[3]

---

[3] See also Mireless v. Waco, 502 U.S. at 13, 112 S.Ct. at 288 ("a judicial act does not become less judicial by virtue of an allegation of malice or corruption of motive")(internal quotation marks omitted); Cleavinger v. Saxner, 474 U.S. 193, 199-200, 106 S.Ct. 496, 500, 88 L.Ed.2d 507 (1985)("Such immunity applies however erroneous the act may have been, and however injurious in its consequences it may have proved to the plaintiff.   Nor can this exemption of the judges from civil liability be affected by the motives with which their judicial acts are performed.")(citation and internal quotation marks omitted).

Thus, the first exception to the doctrine of judicial immunity does not apply.

It is also clear that the actions about which Plaintiff complains were not taken in "complete absence of all jurisdiction." Mireles v. Waco, 502 U.S. at 11-12, 112 S.Ct. at 288. Plaintiff alleges that Judge Cenerini violated his constitutional rights while conducting Plaintiff's arraignment in the state district court. There is no suggestion that the Judge did not have jurisdiction to conduct Plaintiff's arraignment. Therefore, the second exception to judicial immunity does not apply.

Although Plaintiff has not stated in his Complaint the basis on which this Court has jurisdiction, it appears that he claims the Judge violated his constitutional rights, and, thus, presumably he is attempting to bring an action pursuant to 42 U.S.C. § 1983. However, there is ample authority that judges are specifically immune to suits brought pursuant to this statute. See Dennis v. Sparks, 449 U.S. 24, 27, 101 S.Ct. 183, 186, 66 L.Ed.2d 185 (1980)("[T]his Court has consistently adhered to the rule that judges defending against § 1983 actions enjoy absolute immunity from damages liability for acts performed in their judicial capacities.")(internal quotation marks omitted); Pushard v. Russell, 815 F.2d 1, 2 (1st Cir. 1987)("The law is well settled that the principle of judicial immunity survived the enactment of 42 U.S.C. § 1983."); Siano v. Justices of Massachusetts, 698 F.2d 52, 55 n.4 (1st Cir. 1983)("[The plaintiff] correctly perceives that he is precluded from bringing a section 1983 damages action against the Justices by the doctrine of judicial immunity.").

In sum, Plaintiff's claims against Judge Cenerini are barred by the doctrine of judicial immunity. Therefore, his Complaint fails to state a claim upon which relief can be granted.

Accordingly, the Motion should be denied and his Complaint should be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  I so recommend.[4]

### Conclusion

For the reasons stated above, I recommend that Plaintiff's Motion be denied and that the Complaint be dismissed pursuant to 28 U.S.C. § 1915(e)(2).  Any objection to this Report and Recommendation must be specific and must be filed with the Clerk of the Court within ten (10) days of its receipt.  See Fed. R. Civ. P. 72(b); DRI LR Cv 72(d).  Failure to file specific objections in a timely manner constitutes waiver of the right to review by the district court and the right to appeal the district court's decision.  See United States v. Valencia-Copete, 792 F.2d

---

[4] Plaintiff is not completely without recourse.  Rhode Island law provides that any person may file a complaint against a state judge with the Commission on Judicial Tenure and Discipline.  See R.I. Gen. Laws § 8-16-4(b).

(b) The commission, upon receiving from any person a verified statement, not unfounded or frivolous, alleging facts indicating that a justice of the supreme court, the superior court, the family court, the district court, the workers' compensation court, or the administrative adjudication court, or a probate judge in any city or town in the state is guilty of a violation of the canons of judicial ethics, or of willful or persistent failure to perform his or her duties, disabling addiction to alcoholic beverages, drugs, or narcotics, or conduct that brings the judicial office into serious disrepute, or that such a judge has a physical or mental disability that seriously interferes and will continue to interfere with the performance of his or her duties, shall make a preliminary investigation to determine whether formal proceedings shall be instituted and a hearing held. The commission may, on its initiative, make a preliminary investigation, without receiving a verified statement, to determine whether formal proceedings shall be instituted and a public hearing held.

R.I. Gen. Laws 8-16-4 (1997 Reenactment).

6

4, 6 (1st Cir. 1986); <u>Park Motor Mart, Inc. v. Ford Motor Co.</u>,
616 F.2d 603, 605 (1st Cir. 1980).


DAVID L. MARTIN
United States Magistrate Judge
December 8, 2006

7